UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JANELLE MATTHIAS, as the Administratrix of the
Estate of KEVON BRIAN MUSTAFA, Deceased,
And JANELLE MATTHIAS, Individually,                    Index No.:

                Plaintiffs,                    **VERIFIED COMPLAINT**

    -against-


UNITED STATES OF AMERICA,

                Defendants.
------------------------------------------------------------------X

        The Plaintiffs, by their attorneys, KRENTSEL & GUZMAN LLP, complains of the defendants and alleges:

AS AND FOR A FIRST CAUSE OF ACTION

        1:  Jurisdiction is conferred on this Honorable Court by the Federal Tort Claims Act, 28 U.SC. 1346(b) and U.S.C. 2671, et seq. and 28 U.S.C. §2401(b) by service of all injuries and acts forming the basis of the claim.

        2:  Venue is based on plaintiff's residence.

        3:  That the plaintiff, on or about, August 3, 2017 timely served and filed a Standard Notice of Claim (Claim for Damage, Injury or Death), which set out the particulars of the claim against the Defendant's agency, UNITED STATES OF AMERICA, pursuant to 28 U.S.C. §2401(b).  Defendant's had until February 3, 2018 to resolve, settle or dismiss this claim; however, they have not yet done so.

        4:  At all times herein mentioned the Plaintiff, JANELLE MATTHIAS, is a resident of the County of Kings, State of New York.

5: That at all times herein mentioned, the Decedent, KEVON BRIAN MUSTAFA, was and still is a resident of the County of KINGS, State of New York.

6: That at all times herein mention, the Plaintiff, JANELLE MATTHIAS, was and still is the Administratrix of the Estate of KEVON BRIAN MUSTAFA, Deceased.

7: All events hereinafter mentioned, occurred at the time and place as follows: from on or about May 11, 2015 continuing through and including September 22, 2015 and all other dates/times when treatment was rendered to the plaintiff by Errol Byer, Jr., MD., Frederick Staton, M.D..and Brooklyn Plaza Medical Center, P.C..

8: ERROL BYER, JR, M.D., (hereinafter referred to as "BYER"), was and is a doctor of medicine duly licensed to practice medicine in State of New York.

9: Defendant, UNITED STATES OF AMERICA, had in its employ, and/or under its control doctors duly licensed to practice medicine in the State of New York.

10: At all times herein mentioned, the defendant, UNITED STATES OF AMERICA, had and has in its employ, and/or under its control, BYER, a doctor duly licensed to practiced to practice medicine in State of New York.

11: BYER, was, on or about May 11, 2015 continuing to, through, and including September 22, 2015, a licensed practicing OB-GYN located at 650 Fulton Street, Brooklyn, New York.

12: BYER, did and at all time hereinafter does maintain his practice at 5645 Main Street, Flushing, NY, 11355 amongst other locations.

13: BYER, was, on or about May 11, 2015 continuing to, through, and including September 22, 2015, a licensed practicing OB-GYN located at 295 Flatbush Avenue, Ext. Fl. 3, Brooklyn, NY, 11201

14: BYER, was and is an attending physician and had admitting privileges at THE BROOKLYN HOSPITAL CENTER, amongst other locations.

15: Defendant, UNITED STATES OF AMERICA, through BYER, held himself out to be a physician duly qualified and competent to render requisite medical, surgical care and treatment and/or obstetrical care to the public at large and, more particularly, to the Plaintiff named herein.

16: Defendant, UNITED STATES OF AMERICA, through BYER, undertook and agreed to render medical, surgical care and treatment and/or obstetrical care to the Plaintiff.

17: Defendant, UNITED STATES OF AMERICA, through BYER, negligently, recklessly and carelessly rendered medical care and treatment to the Plaintiff on or about May 11, 2015 continuing to, through, and including September 22, 2015.

18: At all times herein mentioned, the Plaintiff was a patient under the professional care and treatment of Defendant, UNITED STATES OF AMERICA, through BYER.

19: Defendant, UNITED STATES OF AMERICA, through BYER, was negligent, careless and reckless in prescribing medicine, medical, surgical care and treatment and/or obstetrical care rendered to the Plaintiff.

20: Defendant, UNITED STATES OF AMERICA, through BYER, was negligent, careless and reckless in supervising the prescription of medicine, medical, surgical care and treatment and/or obstetrical care rendered to the Plaintiff.

21: The treatment rendered by Defendant, UNITED STATES OF AMERICA, through BYER, was not in accord with good and acceptable standards of medical, surgical care and treatment and/or obstetrical care.

22: As a result of the negligence, recklessness and carelessness of Defendant,

UNITED STATES OF AMERICA, through BYER, and without any want of care on the part of the Plaintiff herein named, the Plaintiff suffered grave bodily injury, complications related thereto, need for additional surgery and treatment, mental anguish, and wrongful death.

23. FREDERICK STATON, M.D. (hereinafter referred to as "STATON"), was and is a doctor of medicine duly licensed to practice medicine in State of New York.

24: At all times herein mentioned, the defendant, UNITED STATES OF AMERICA, had and has in its employ, and/or under its control, STATON, a doctor duly licensed to practiced to practice medicine in State of New York.

25. STATON, was, on or about May 11, 2015 continuing to, through, and including September 22, 2015 a licensed practicing obstetrician located at 650 Fulton Street, Brooklyn, New York.

26. STATON, did and at all times hereinafter mentioned does maintain his practice at 650 Fulton Street, Brooklyn, New York amongst other locations.

27. STATON, was and is an attending physician and had admitting privileges at Defendant, THE BROOKLYN HOSPITAL CENTER, amongst other locations.

28. Defendant, UNITED STATES OF AMERICA, through STATON, held himself out to be a physician duly qualified and competent to render requisite medical, surgical care and treatment and/or internal care to the public at large and, more particularly, to the Plaintiff named herein.

29. Defendant, UNITED STATES OF AMERICA, through STATON, undertook and agreed to render medical, surgical care and treatment and/or internal care to the Plaintiff.

30. Defendant, UNITED STATES OF AMERICA, through STATON, negligently, recklessly and carelessly rendered medical care and treatment to the Plaintiff on or about May

11, 2015 continuing to, through, and including September 22, 2015.

31. At all times herein mentioned, the Plaintiff was a patient under the professional care and treatment of Defendant, UNITED STATES OF AMERICA, through STATON.

32. Defendant, UNITED STATES OF AMERICA, through STATON, was negligent, careless and reckless in prescribing medicine, medical, surgical care and treatment and/or internal care rendered to the Plaintiff.

33. Defendant, UNITED STATES OF AMERICA, through STATON, was negligent, careless and reckless in supervising the prescription of medicine, medical, surgical care and treatment and/or internal care rendered to the Plaintiff.

34. The treatment rendered by Defendant, UNITED STATES OF AMERICA, through STATON, was not in accord with good and acceptable standards of medical, surgical care and treatment and/or internal care.

35. As a result of the negligence, recklessness and carelessness of Defendant, UNITED STATES OF AMERICA, through STATON, and without any want of care on the part of the Plaintiff herein named, the Plaintiff suffered grave bodily injury, complications related thereto, need for additional surgery and treatment, mental anguish, and wrongful death.

## AS AND FOR THE SECOND CAUSE OF ACTION

36. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the FIRST CAUSE OF ACTION with the same force and effect as though more fully set forth herein at length.

37. That on or about May 11, 2015, continuing to, through, and including September 22, 2015, BROOKLYN PLAZA MEDICAL CENTER, P.C., was and still is accredited by the Joint Commission on the Accreditation of Hospitals, and was and still is located at 650 Fulton

Street, Brooklyn, New York.

38. At all times herein mentioned, the defendant, UNITED STATES OF AMERICA, was and is the owner of BROOKLYN PLAZA MEDICAL CENTER, P.C.

39. That on or about May 11, 2015, continuing to, through, and including September 22, 2015, BROOKLYN PLAZA MEDICAL CENTER, P.C., was and still is accredited by the Health Resources and Services Administration and/or the Accreditation Association for Ambulatory Health Care, and was and still is located at 650 Fulton Street, Brooklyn, New York.

40. BROOKLYN PLAZA MEDICAL CENTER, P.C., was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

41. BROOKLYN PLAZA MEDICAL CENTER, P.C., was and is a duly licensed medical facility which is operated in accord with the laws and regulations of the State of New York with standards for hospitals as set forth by the Joint Commission on the Accreditation of Hospitals.

42. BROOKLYN PLAZA MEDICAL CENTER, P.C., was and is a duly licensed medical facility which is operated in accord with the laws and regulations of the State of New York with standards for hospitals as set forth by the Health Resources and Services Administration and/or the Accreditation Association for Ambulatory Health Care.

43. Defendant, UNITED STATES OF AMERICA, owned, operated, managed, maintained and controlled a medical facility which provided chiropractic care, medical, surgical, physical medicine and rehabilitation, and obstetric care and treatment as well as provided for the care of sick and ailing persons in New York.

44. Defendant, UNITED STATES OF AMERICA., through BROOKLYN PLAZA

MEDICAL CENTER, P.C., had in its employ, and/or under its control doctors, physician assistants, obstetricians, physical medicine and rehabilitation specialists, emergency room physicians, orthopedic surgeons, nurses, neurologists, lab technicians, radiation technicians, x-ray technicians, surgeons and other staff necessary to provide patients with medical care and attention.

45. Defendant, UNITED STATES OF AMERICA its agents, servants and/or employees held itself out as qualified and competent to render requisite prescription of medicine, medical, surgical, physical medicine and rehabilitation, gastroenterology care and treatment to the public at large and, more particularly to the Plaintiff named herein.

46. Defendant, UNITED STATES OF AMERICA, through BROOKLYN PLAZA MEDICAL CENTER, P.C., undertook and agreed to render medical and surgical care, physical medicine and rehabilitation, gastroenterology care and treatment to Plaintiff named herein on or about May 11, 2015 continuing to, and including, September 22, 2015 and thereafter.

47. The treatment rendered by Defendant, UNITED STATES OF AMERICA ,their agents, servants and/or employees was not in accord with good and acceptable standards of medical, surgical care and/or obstetric care and treatment.

48. Defendant, UNITED STATES OF AMERICA., its agents, servants and/or employees were negligent, careless and reckless in supervising the prescription of medicine, medical, surgical care and treatment, physical medicine and rehabilitation, gastroenterology care and treatment rendered to the Plaintiff.

49. Defendant, UNITED STATES OF AMERICA, its agents, servants and/or employees were negligent, careless and reckless in the prescription of medicine, and the rendering of medical, surgical care and treatment, physical medicine and rehabilitation,

gastroenterology care and treatment rendered to the Plaintiff.

50: The negligent acts or omissions occurred at the Brooklyn Plaza Medical Center, P.C., in its emergency Department, clinics, radiology facilities, laboratories, and/or each and every other location that the Plaintiffs were treated in.

51: Upon information and belief, medical care and treatment was rendered to plaintiffs by doctors, nurses and technicians acting within the scope of their employment at the Brooklyn Plaza Medical Center, P.C, .during the relevant time frame.

52: The Brooklyn Plaza Medical Center, P.C., held itself out to be facilities duly Qualified, licensed by the State of New York, and competent to render requisite medical surgical care and treatment and/or obstetrical/gynecological care to the public at large and, more particularly, to the Plaintiff named herein.

53: The Brooklyn Plaza Medical Center, P.C. undertook and agreed to render medical, surgical care and treatment and/or care to the Plaintiffs.

54: The Brooklyn Plaza Medical Center, P.C., negligently, recklessly and carelessly rendered medical care and treatment to the Plaintiffs.

55: More specifically, UNITED STATES OF AMERICA, through Brooklyn Plaza Medical Center, P.C., committed to the following acts, omissions & commissions constituting negligence and malpractice & the negligent medical care & treatment rendered to the plaintiffs: Failed to diagnose plaintiff and improperly treating Plaintiff given her medical history, signs and symptoms, and complaints upon presentation and discharge, eventually leading to Plaintiff's child's untimely and wrongful death, specifically: in failing to properly and timely diagnose plaintiff's condition, in failing to properly treat plaintiff; in negligently prescribing medication that harmed the Plaintiff; in negligently prescribing medication that harmed the decedent

Plaintiff; in failing to provide a prenatal or neonatal consultation; in failing to properly and timely diagnose Plaintiff with a urinary tract infection; in failing to adequately monitor the infant plaintiff's heartbeat during childbirth; in failing to monitor the effects of the medications given to the Plaintiff during childbirth on deceased plaintiff.

56: The Plaintiff was a patient under the professional care and treatment of Brooklyn Plaza Medical Center, P.C..

57: As a result of the negligence, recklessness and carelessness of Defendant, UNITED STATES OF AMERICA, their agents, servants and/or employees, and without any want of care on the part of the Plaintiff named herein, the Plaintiff suffered grave bodily injury, complications related thereto, need for additional surgery and treatment, and mental anguish

58: That this action falls within one or more of the exemptions set forth in CPLR section 1602.

59: As a result of the aforesaid, plaintiff, Janelle Matthias, Individually and as the Administrator of the Estate of Kevon Brian Mustafa, deceased, were damaged in body and mind to the extent of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION

60: Plaintiffs repeat, reiterate and reallege each and every allegation contained in the FIRST & SECOND CAUSE OF ACTION, with the same force and effect as though more fully set forth at length.

61: Defendant, UNITED STATES OF AMERICA, prior to the granting and renewing of employment and association privileges of physicians, residents, nurses and others involved in the Plaintiffs' case, failed to investigate the qualifications, competence, capacity, abilities and

capabilities of said staff including but not limited to, obtaining the following information; patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of investigations commenced against said persons, including the outcomes thereof, any history of associations, privileges and/or practice at other institutions, any discontinuation of said associations, employment, privileges and/or practice at other institutions, and any pending professional misconduct proceedings in the State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings and, UNITED STATES OF AMERICA, failed to make sufficient inquiry of Defendants, and other institutions which would and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

62: Had defendant, UNITED STATES OF AMERICA, made the above stated inquiry or, in the alternative, had defendant, UNITED STATES OF AMERICA, reviewed and analyzed the information obtained in a proper manner, employment would not have been granted and/or renewed.

63: By reason of defendant's, UNITED STATES OF AMERICA, failure to meet the aforementioned obligation, plaintiffs were treated by doctors, nurses, technicians, and others who were lacking the requisite skills, abilities, competence and capacity, as a result of which the infant plaintiff died.

64: As a result of the foregoing the plaintiff, Janelle Matthias and Kevon Brian Mustafa, was seriously injured.

65: That this action falls within one or more of the exemptions set forth in CPLR section 1602.

## AS AND FOR A FOURTH CAUSE OF ACTION

66:    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the FIRST and SECOND and THIRD CAUSES OF ACTION with the same force and effect as though more fully set forth herein at length.

67:    Defendants failed to properly instruct the Plaintiffs named herein of all risks, benefits and alternatives to the treatment rendered, and administered and failed to obtain an Informed Consent for treatment rendered.

68:    Had Defendants properly instructed the Plaintiffs named herein, the Plaintiff, Janelle Matthias, and infant, Kevon Brian Mustafa, would not have taken the treatment and medication as recommended and provided by the Defendants.

69:    As a result of the negligence, recklessness and carelessness of Defendants, in failing to obtain an informed consent and without any want of care on the part of the Plaintiffs herein named or infant, KEVON BRIAN MUSTAFA, the infant, KEVON BRIAN MUSTAFA, was caused to be born deceased on or around September 22, 2015. .

70:    As a result of the negligence, recklessness and carelessness of Defendants, in failing to obtain an informed consent and without any want of care on the part of the Plaintiffs Plaintiffs herein named or infant, KEVON BRIAN MUSTAFA, the Plaintiffs named herein suffered grave bodily injury, complications related thereto, need for additional surgery and treatment, and mental anguish.

71:    This action falls within one or more of the exemptions set forth in CPLR § 1602.

72:    As a result of the foregoing, the Plaintiffs have been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION

73:     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the FIRST, SECOND, THIRD, and FOURTH CAUSES OF ACTION with the same force and effect as though more fully set forth herein at length.

74:     Plaintiff, JANELLE MATTHIAS, was respectively the Mother and Natural Guardians of the infant, KEVON BRIAN MUSTAFA.

75:     As a direct and proximate result of the foregoing, plaintiff, JANELLE MATTHIAS, has been deprived of their son's, KEVON BRIAN MUSTAFA's, love, services, affection, society, companionship and economic support and will continue to be deprived of same.

76:     That this action falls within one or more of the exemptions set forth in CPLR section 1602.

77:     By reason of the foregoing, Plaintiffs have been damaged in a sum which exceeds the jurisdiction of all lower Courts.

WHEREFORE, the Plaintiffs demand judgment against the defendants on the FIRST, SECOND, THIRD, FOURTH, and FIFTH CAUSES OF ACTION with interests together with the costs and disbursements of this action.

Dated: New York, New York
       April 27, 2018

Yours, etc.,

_____
Jeffrey Guzman, Esq.
KRENTSEL & GUZMAN, LLP
17 Battery Place, 6th Floor
New York, New York 10004
(212) 227-2900

## CERTIFICATE OF MERIT

Jeffrey A. Guzman, being duly sworn deposes and states the following to be true under the penalties of perjury:

I am an attorney duly admitted to practice law in the State of New York. I am counsel for the Plaintiffs in this matter.

I have reviewed the facts of the case and have consulted with at least on physician who is licensed to practice in this state or any other state and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of this review and consultation that there is a reasonable basis for the commencement of this action.

Dated: New York, New York
       April 27, 2018

_____
Jeffrey A. Guzman, Esq.
KRENTSEL & GUZMAN, LLP
17 Battery Place, 6th Floor
New York, New York 10004
(212) 227-2900

## **ATTORNEY VERIFICATION**

JEFFREY A. GUZMAN, an attorney at law, duly admitted to practice in the Courts of the State of New York and EASTERN DISTRICT of NEW YORK, affirms under penalties of perjury that:

He is the attorney for the plaintiff(s) in the above entitled action. That he has read the foregoing SUMMONS AND COMPLAINT and knows the contents thereof, and upon information and belief, deponent believes the matters alleged herein to be true.

The reason this Verification is made by deponent and not by the plaintiff(s) is that the plaintiff(s) reside(s) in a county other than the one in which the plaintiff's attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.

Dated: New York, New York
April 27, 2018

_____
JEFFREY A. GUZMAN, ESQ.

Index No.:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
================================================

JANELLE MATTHIAS, As the Administratrix of the Estate of KEVON BRIAN MUSTAFA, Deceased, and JANELLE MATTHIAS, Individually,

Plaintiff(s),

-against-

UNITED STATES OF AMERICA,

Defendant(s).

================================================

**SUMMONS & COMPLAINT**

================================================

THE YANKOWITZ LAW FIRM, P.C.
KRENTSEL & GUZMAN, LLP
17 Battery Place, Suite 604
New York, New York 10006
(212) 227-2900

================================================

To
Attorney(s) for
================================================

Service of a copy of the within

is hereby admitted.

Dated,

_____

Attorney(s) for
================================================

PLEASE TAKE NOTICE:

G <u>NOTICE OF ENTRY</u>

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within name court on
19

G <u>NOTICE OF SETTLEMENT</u>

that an order                                            of which the within is a true copy

will be presented for settlement to the HON.                     one of the judges of the

within named Court, at
on                    19           at           M.
Dated,

Yours, etc.
**THE YANKOWITZ LAW FIRM, P.C.
KRENTSEL & GUZMAN, LLP**
================================================